**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Changshu Youth Sky Import & Export Co. Ltd, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-04766 |
| v. | ) ) | District Judge Martha M. Pacold |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) ) ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

## **PLAINTIFF'S ANSWER TO COUNTERCLAIM**

**NOW COMES** Plaintiff, Changshu Youth Sky Import & Export Co. Ltd ("Plaintiff"), by and through undersigned counsel, and for its Answer to the Counterclaim filed by Defendant, Jennifer Buckner, Owner of eBay Seller Account vintagelinen1 (hereinafter "Counterclaimant"), states as follows:

1. Allegations regarding Counterclaimant's eBay account and sales activities. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Counterclaimant's eBay account, sales history, or income, and therefore denies the same.

2. Allegations regarding the sale of bed sheets and duvet cover. Plaintiff admits that Counterclaimant sold two items, as identified in the Counterclaim, but denies that these items were genuine or authorized products bearing Plaintiff's trademarks.

3. Allegations regarding Counterclaimant's knowledge of counterfeit status. Plaintiff denies the allegation that Counterclaimant had no reason to believe the items sold were counterfeit.

Regardless of intent or knowledge, the sale of counterfeit goods constitutes trademark infringement and is prohibited under the Lanham Act.

4. Allegations regarding PayPal's hold on funds and eBay's actions. Plaintiff lacks sufficient knowledge to admit or deny the specific actions taken by PayPal or eBay regarding Counterclaimant's accounts and therefore denies the same. Plaintiff states that any actions taken by these third-party entities are unrelated to Plaintiff's enforcement of its trademark rights.

5. Allegations regarding damages suffered by Counterclaimant Plaintiff denies that its actions in pursuing legal remedies against counterfeiters, including Counterclaimant, have caused damages. Any loss of sales or funds frozen by third-party platforms is a result of Counterclaimant's own sale of counterfeit goods and is not attributable to Plaintiff.

6. Allegations regarding temporary restraining order (TRO). Plaintiff denies that Counterclaimant is entitled to relief from the temporary restraining order (TRO) issued by this Court. Plaintiff asserts that the TRO is properly applied to prevent the sale of counterfeit goods and to protect Plaintiff's trademarks from further harm.

7. Allegations of "malicious" litigation. Plaintiff denies that its enforcement of its trademark rights is "malicious" or "scattershot" as alleged by Counterclaimant. Plaintiff's actions are in good faith, aimed at protecting its intellectual property rights against infringers, including Counterclaimant.

8. Counterclaim for lost profits and time spent responding. Plaintiff denies that Counterclaimant is entitled to any damages for lost profits or time spent responding to this action. Counterclaimant's participation in the sale of counterfeit goods is the sole cause of any alleged harm. Plaintiff further denies that it has any liability for Counterclaimant's lost profits or time spent on this matter.

**AFFIRMATIVE DEFENSE**

9. Failure to State a Claim: Counterclaimant has failed to state a claim upon which relief can be granted. If Defendant has suffered losses or damages as a result of the allegations set forth in the Counterclaim, which is denied by Plaintiff, said losses or damages were or are the proximate and immediate result of a failure, neglect, omission, error, negligence, action and/or inaction of Defendant and/or its respective agent and/or other parties other than Plaintiff for which Plaintiff are not responsible, and such losses or damages are not the result of any act or omission on the part of Plaintiff and/or its agents.

10. Good Faith Not a Defense: Counterclaimant's alleged good faith in selling counterfeit goods does not absolve her from liability under the Lanham Act.

11. Unclean Hands: Counterclaimant, by selling counterfeit goods, is barred from seeking equitable relief, including dismissal from the lawsuit or compensation for alleged damages.

12. Lack of Standing: Counterclaimant has no standing to seek damages arising from Plaintiff's lawful enforcement of its intellectual property rights.

13. Legitimate Trademark Enforcement: Plaintiff's actions in pursuing litigation against counterfeit sellers, including Counterclaimant, are legitimate and justified under U.S. trademark laws.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

14. Dismiss Counterclaimant's counterclaim in its entirety with prejudice;

15. Deny all requests for damages and other relief made by Counterclaimant;

16. Maintain the Temporary Restraining Order as it applies to Counterclaimant;

17. Award Plaintiff its costs and attorneys' fees incurred in responding to the Counterclaim; and

18. Grant such other relief as this Court deems just and proper.

Date: September 24, 2024.

/s/ QIN LI

1360 Valley Vista Dr, Suite 140,

Diamond Bar CA 91765

Bar No. 349218

liqin@concordsage.com

Phone: (858) 568-1696

ATTORNEY FOR PLAINTIFF